IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
GREENVILLE DIVISION

| | | |
|---|---|---|
| Jean Byars, | ) | C/A No.: 6:10-1503-RBH |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |
| _____ | ) | |

The plaintiff, Jean Byars, brought this action pursuant to 42 U.S.C. §§405(g) and 1383(c)(3), to obtain judicial review of the final decision of the Commissioner of Social Security denying her claims for disability insurance benefits ("DIB") and supplemental security income ("SSI") under the Social Security Act.

The role of the federal judiciary in the administrative scheme established by the Social Security Act is a limited one. Section 405(g) of that Act provides: "[T]he findings of the Commissioner as to any fact, if supported by substantial evidence, shall be conclusive. . . ." 42 U.S.C. § 405(g). "Substantial evidence has been defined innumerable times as more than a scintilla, but less than preponderance." *Thomas v. Celebrezze*, 331 F.2d 541, 543 (4th Cir. 1964); *see*, *e.g.*, *Daniel v. Gardner*, 404 F.2d 889 (4th Cir. 1968); *Laws v. Celebrezze*, 368 F.2d 640 (4th Cir. 1966); *Tyler v. Weinberger*, 409 F. Supp. 776 (E.D. Va. 1976). This standard precludes a *de novo* review of the factual circumstances that substitutes the court's findings for those of the Commissioner. *See*, *e.g.*, *Vitek v. Finch*, 438 F.2d 1157 (4th Cir. 1971); *Hicks v. Gardner*, 393 F.2d 299 (4th Cir. 1968). "[T]he court [must] uphold the [Commissioner's] decision even should the court disagree with such decision as long as it is supported by 'substantial evidence.'" *Blalock v. Richardson*, 483 F.2d 773, 775 (4th

Cir. 1972). As noted by Judge Sobeloff in *Flack v.Cohen*, 413 F.2d 278 (4th Cir. 1969), "[f]rom this it does not follow, however, that the findings of the administrative agency are to be mechanically accepted. The statutorily granted right of review contemplates more than an uncritical rubber stamping of the administrative action." *Id*. at 279. "[T]he courts must not abdicate their responsibility to give careful scrutiny to the whole record to assure that there is a sound foundation for the [Commissioner's] findings, and that his conclusion is rational." *Vitek*, 438 F.2d at 1157-58.

Plaintiff applied for DIB in January of 2007, alleging disability since November 1, 2005 due to back and knee problems and obesity. Plaintiff's claims were denied initially and upon reconsideration. The plaintiff then requested a hearing before an administrative law judge ("ALJ"), which was held on June 10, 2009. The ALJ thereafter denied plaintiff's claims in a decision issued October 21, 2009. The Appeals Council denied the plaintiff's request for review and the ALJ's findings became the final decision of the Commissioner of Social Security. Plaintiff then appealed to the federal district court.

The claimant was 41 years old on the alleged onset date. She has a high school education and some college education. Her past work experience includes employment as a fast food worker, a cashier, a shift leader, a cook, and a Certified Nursing Assistant. Plaintiff asserts that the Commissioner failed to give appropriate weight to Dr. Early's opinion[1] and improperly discounted the plaintiff's credibility.

Under the Social Security Act, the plaintiff's eligibility for the benefits she is seeking hinges on whether she "is under a disability." 42 U.S.C. § 423(a)(1)(D). The term "disability" is defined as

---

[1] Dr. Gordon Early performed a consultative examination of the claimant on April 10, 2007 and also a follow-up examination on March 18, 2009. He was not a treating physician.

2

the "inability to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than 12 months . . . " *Id*. at § 423(d)(1)(A). The burden is on the claimant to establish such disability. *Preston v. Heckler*, 769 F.2d 988, 990 n.* (4th Cir. 1985). A claimant may establish a *prima facie* case of disability based solely upon medical evidence by demonstrating that his impairments meet or equal the medical criteria set forth in Appendix 1 of Subpart P. 20 C.F.R. § 404.1520(d).

If such a showing is not possible, a claimant may also establish a *prima facie* case of disability by proving that she could not perform her customary occupation as the result of physical or mental impairments. *Taylor v. Weinberger*, 512 F.2d 664 (4th Cir. 1975). Because this approach is premised on the claimant's inability to resolve the question solely on medical considerations, it then becomes necessary to consider the medical evidence in conjunction with certain "vocational factors." 20 C.F.R. § 404.1560(b). These factors include the individual's (1) "residual functional capacity," *id*. at § 404.1561; (2) age, *id*. at § 404.1563; (3) education, *id*. at § 404.1564; (4) work experience, *id*. at § 404.1565; and (5) the existence of work "in significant numbers in the national economy" that the individual can perform, *id*. at § 404.1561. If the assessment of the claimant's residual functional capacity leads to the conclusion that she can no longer perform his previous work, it must be determined whether the claimant can do some other type of work, taking into account remaining vocational factors. *Id*. at § 404.1561. The interrelation between these vocational factors is governed by Appendix 2 of Subpart P. Thus, according to the sequence of evaluation suggested by 20 C.F.R. § 404.1520, it must be determined: (1) whether the claimant is currently gainfully employed, (2) whether she suffers from some physical or mental impairment, (3) whether that impairment meets or

equals the criteria of Appendix 1, (4) whether, if those criteria are not met, the impairment prevents her from returning to her previous work, and (5) whether the impairment prevents her from performing some other available work.

The ALJ made the following findings in this case:

1. The claimant meets the insured status requirements of the Social Security Act through June 30, 2009.
2. The claimant has not engaged in substantial gainful activity since November 1, 2005, the alleged onset date (20 C.F.R. § 404.1571 *et seq.*, and 416.971 *et seq.*)
3. The claimant has severe impairments. The claimant's impairments include bilateral knee arthritis, osteoarthritis, and obesity. All of the claimant's impairments, symptoms, and complaints have been considered in arriving at a decision in this matter. (20 C.F.R. §§ 416.920(c) and 404.1520(c)).
4. The claimant does not have an impairment or combination of impairments meeting or equaling any of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (20 C.F.R. §§ 16.920(d), 416.926, 404.1520(d), 404.1525 and 404.1526).
5. After careful consideration of the entire record, the Administrative Law Judge finds that during the period at issue, the claimant has been capable of a wide range of sedentary work. Sedentary work involves lifting no more than 10 pounds at a time; standing and walking occasionally; and, sitting the remainder of the time. The claimant's ability to perform such work has been limited to the extent that the claimant has been unable to climb ladders or stairs and unable to bend forward at the waist (stoop), bend at the knees to come to rest on the knees (kneel), or bend downward by bending the legs and spine (crouch) on more than an occasional basis.
6. The claimant is unable to perform any past relevant work (20 C.F.R. §§ 416.965 and 404.1565).
7. The claimant was born on August 16, 1964 and was 41 years old , which is defined as a younger individual age 18-44, on the alleged disability onset date. The claimant subsequently changed age category to a younger individual age 45-49 (20 C.F.R. §§ 404.1563 and 416.963).
8. The claimant has a high school education, some college credits, and ability to communicate in English (20 C.F.R. §§ 416.964 and 404.1564).

9. Transferability of skills is not material to the determination of disability because using the Medical Vocational Rules as a framework supports a finding that the claimant is "not disabled," whether or not the claimant has transferable job skills (See SSR 82-41 and (20 C.F.R. Part 404, Subpart P, Appendix 2).
10. Considering the claimants age, education, work experience, and residual functional capacity, there are jobs existing in significant numbers in the national economy that the claimant can perform (20 C.F.R. §§ 416.960(c), 416.966, 404.1560(c), and 404.1566).
11. The claimant has not been under a disability, as defined in the Social Security Act, from November 1, 2005 through the date of this decision (20 C.F.R. §§ 404.1520(g) and 416.920(g)).
(Tr. p. 10-16).

Pursuant to Local Civil Rule 83.VII.02(A), D.S.C, this action was referred to a United States Magistrate Judge. On June 28, 2011, Magistrate Judge Kevin F. McDonald filed a report and recommendation ("R&R") suggesting that the action should be affirmed. The plaintiff timely filed objections to the R&R on July 25, 2011. The defendant filed a Response on August 15, 2011.

> The magistrate judge makes only a recommendation to the Court, to which any party may file written objections . . . . The Court is not bound by the recommendation of the magistrate judge but, instead, retains responsibility for the final determination. The Court is required to make a *de novo* determination of those portions of the report or specified findings or recommendation as to which an objections is made. However, the Court is not required to review, under a *de novo* or any other standard, the factual report and recommendation to which no objections are addressed. While the level of scrutiny entailed by the Court's review of the Report thus depends on whether or not objections have been filed, in either case, the Court is free, after review, to accept, reject, or modify any of the magistrate judge's findings or recommendations.

*Wallace v. Housing Auth. of the City of Columbia*, 791 F. Supp. 137, 138 (D.S.C. 1992) (citations omitted).

In her objections to the R&R, the plaintiff claims the magistrate judge erred in

recommending that the case be affirmed. She contends that the Magistrate incorrectly found as harmless error the failure of the ALJ to incorporate any degree of limitation of attention and concentration into the RFC and hypothetical questions to the VE. She also contends that the ALJ misinterpreted the reports of Dr. Early. Additionally, she contends that the ALJ improperly discounted the plaintiff's credibility.

**Consideration of the opinions by Dr. Gordon Early**

In her objections to the R&R, the claimant no longer asserts error in the failure of the ALJ to assign a weight to Dr. Early's opinions. Instead, she points out that the ALJ did not discount Dr. Early's opinions and that he was an examining physician. As such, she contends that his limitations regarding attention and concentration should have been contained in the RFC and included in the hypothetical to the VE. In addition, the plaintiff cites Dr. Early's answer to Question 1, attached to his 2009 opinion, and construes it to mean that, due to her medical conditions, the claimant would have to miss more than three days of work per month from any job, not just from the jobs where she has worked in the past.

The ALJ did not include any mental restrictions in her RFC determination, although she did acknowledge that Dr. Early found that she would "have trouble with attention and concentration at any full-time job." (Tr. p. 14). As discussed by the Magistrate, the substantial evidence of record supports the ALJ's finding that the claimant did not suffer from a severe mental impairment. Moreover, any error by the ALJ in failing to include problems with attention and concentration in the RFC and in questions to the VE was harmless because the ALJ found Plaintiff could perform a wide range of sedentary work, limited by the claimant's inability to climb ladders or stairs, stoop, kneel, or crouch on more than an occasional basis. Such sedentary work was described by the VE

as "sedentary, SVP of two or unskilled, DLT 205.367-014." (Tr. p. 39). Here, substantial evidence supports the finding that the claimant could perform unskilled work.

Plaintiff also contends that the Magistrate misinterpreted Dr. Early's answer to the first question posed to him: "On an 8 hr/d, 5 d/week basis, can Ms. Byars most probably have to miss more than 3 days of work per month?" Dr. Early responded as follows:

> She would probably have to miss more than 3 days per month. She has not returned to full time work since her 2005 job dismissal from Flowers Bakery. She would miss more than 3 days per month if she were working full time at that job or other jobs that she has worked in the past. Her back and knees bother her daily and she would miss days due to severe pain and difficulty walking. (Tr. p. 358).

Plaintiff interprets this answer to mean that she would have to miss work at any job more than 3 days per week because of pain in the knees and her obesity. The ALJ interpreted this answer to mean that the claimant could be expected to miss more than 3 days of work per month "if she were working full time at any of her prior jobs." (Tr. p. 14). The doctor's answer was ambiguous, and the ALJ reasonably interpreted it as referring to the ability to perform past work and reasonably concluded that Dr. Early's report did not preclude the performance of sedentary work. This Court cannot "re-weigh conflicting evidence, make credibility determinations or substitute its judgment for that of the [Commissioner]." *Craig v. Chater*, 76 F.3d 583, 589 (4th Cir. 1996).

**Credibility**

The plaintiff contends in her objections to the Report that "the Magistrate found that the ALJ's perceived absence of objective medical evidence justified the ALJ's assessment of the Plaintiff's credibility." (Docket Entry # 22, p.6). However, this mischaracterizes the discussion of credibility by the Magistrate Judge. The Magistrate cited the evidence noted by the ALJ that was inconsistent with the plaintiff's complaints. He noted <u>in addition</u> that the ALJ found that the

7

objective medical evidence as a whole did not support the plaintiff's complaints regarding her symptoms. As stated above, this Court cannot weigh the evidence. The ALJ did not conduct an improper credibility analysis.

## Conclusion

On the record before it, this court must overrule all objections and agree with the Magistrate Judge's recommended disposition of this case.

For the foregoing reasons, all objections are overruled and the report and recommendation of the magistrate judge is incorporated herein by reference. The Commissioner's decision is affirmed.

**IT IS SO ORDERED**.

                                                  s/R. Bryan Harwell
                                                  R. Bryan Harwell
                                                  United States District Judge

August 30, 2011
Florence, South Carolina